## M. DE GONVEIA vs. L. LOKA.

### EXCEPTIONS TO FINDINGS OF JUDD, C. J.

### JANUARY TERM, 1885.

### JUDD, C. J.; McCULLY and AUSTIN, JJ.

In a hearing before Fence Commissioners to assess amount to be paid by a person who has neglected to comply with an order to fence, such person must have notice to attend. In the absence of such notice, an order of the Commissioners held to be invalid.

Decision of the Chief Justice affirmed.

### OPINION BY McCULLY, J.

THE plaintiff brings a bill of exceptions to the finding and the law in this case, tried by the Chief Justice, the jury being waived.

The plaintiff's action was to recover $244 37, the amount of assessment in his favor against the defendant, made by the Fence Commissioners of North Kona, Hawaii. Under the Act to Promote Fencing, of 1859, found on page 497, Compiled Laws, the Commissioners of Fences have jurisdiction, *first*, to determine, after public notice given, " the kind of fence to be built by the owners of adjoining lands, and the share which each owner shall build or maintain, designating the time within which the work shall be done ;" and, *secondly*, " in case one party shall have refused or neglected to build or maintain the portion of any fence assigned to him by the Commissioners, and the same has been done by the aggrieved party, the Commissioners may assess the amount due for such holding, a certified copy of which assessment, filed with a District Justice of the District, shall entitle the party to judgment and execution for the amount assessed, as in civil suits."

The defense made in this action is that the defendant received no notice to attend at the second proceeding, namely, the assessment of expenses against him. It is claimed that the notice given in the first proceeding was sufficient, and that he must be

held as being *in curia* for all further proceedings in the same matter. This is unreasonable. It might be impossible for him to ascertain by observation the time and place when the Commissioners might consider and make their assessment. They keep no office, have no clerk ; they may make their assessment at any time after the term prescribed and after the other party may have built it for him. The defendant has a right to be heard upon the question of the actual, reasonable or necessary expense of building the fence, as it has been built. This is a separate and distinct proceeding. It is one thing to be ordered to build or maintain a certain amount and description of fence, within a certain time, with no ascertained equivalent or alternative in a money amount, and another thing to determine what sum the defendant shall pay another party who has built it. The defendant has an interest, and therefore rights in the finding of the amount. It is not to be awarded on the plaintiff's bill *ex parte,* and without opportunity for the defendant to be heard. Having rights, he must have notice when they are to be adjudicated. It is immaterial that this statute does not prescribe that a notice shall be given. This is a fundamental principle in all judicial proceedings: *Audi alteram partem.*

The proceedings for assessment by the Commissioners must be held to be fatally affected and their finding void.

Exceptions overruled.

*Cecil Brown* for plaintiff.

No appearance for defendant.

Honolulu, February 13, 1885.